UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDUARDO GARCIA and all others similarly
Situated under 29 US.C. 216(b),

    Plaintiff,
v.                                                               CASE NO. 18-23249-CIV-JEM

MICON SCAFFOLDING LLC,
MICHAEL CONNELL

    Defendants.
_____/

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants, Micon Scaffolding, LLC ("Micon") and Michael Connell ("Connell" together Micon and Cordero are the "Defendants") move to dismiss Eduardo Garcia's ("Garcia") Complaint [D.E. 1] and, in support, state as follows:

### Introduction

On August 9, 2018, Garcia filed a Complaint against Micon and Connell seeking to recover alleged damages under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation and against Micon for a violation of 25 U.S.C. 7434. *See* Complaint [D.E. 1]. The Complaint claims that Garcia qualifies for coverage under the FLSA individually and under enterprise coverage. *See* Complaint [D.E. 1]. That argument fails as a matter of law because the Complaint is devoid of all essential elements necessary to establish FLSA coverage.

### Legal Standard

A complaint should be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts" which would entitle him or her to relief. *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss under Fed R. Civ. P. 12(b)(6), the Court must accept all well-pled factual allegations as true and construe them in the light most favorable to plaintiffs. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). To that end, courts may make reasonable factual inferences in a plaintiff's favor, but "are not required to draw plaintiff's inference.'" *Sinaltrainal v. Coca-Cola. Co*, 598 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (internal citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* In order to state a claim, the pleading must be more than "an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

    **I.    Garcia's FLSA Claim Fails.**

To qualify for FLSA coverage for unpaid overtime, the employee must be engaged in interstate commerce. 29 U.S.C. § 207(a). Commerce, in this context, means "doing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including

information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotations omitted). The employee may prove engagement in interstate commerce by establishing either individual[1] or enterprise[2] coverage. *See Scott v. K.W. Max Investments, Inc.,* 256 F. App'x 244, 247 (11th Cir.2007). At the outset, Garcia fails to specify whether he is traveling under enterprise or individual coverage with any specificity. Instead, Garcia vaguely asserts conclusory allegations pertaining to both individual and enterprise coverage.

There are numerous published decisions applying the motion to dismiss standards to complaints brought attempting to allege FLSA claims. To establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of acts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce. *See* 29 U.S.C. § 203(r); 203(s)(1); and 207(a)(1).

---

[1] In order to establish individual coverage, an employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce ... or (ii) by regularly using the instrumentalities of interstate commerce in his work." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir.2006). Employees may also qualify if their work is closely related and directly essential to the production of goods for commerce. *Id.* at 1268.

[2] In order to establish *enterprise* coverage, an employee must establish that the employer "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S .C. § 203(s)(1)(A). The volume of sales must also be greater than $500,000. *Id.*

The actual prima facie case for proving a FLSA claim has been recited as being that Plaintiff must demonstrate that: 1) defendant employed him; 2) defendant is an enterprise engaged in interstate commerce or plaintiff is individually covered; 3) plaintiff actually worked more than 40 hours in a workweek; and 4) defendant did not pay the plaintiff overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Garcia's Complaint does not allege these elements and support same with the requisite factual basis required and therefore the Complaint should be dismissed. Garcia does not allege sufficient facts showing he or his employer was engaged in interstate commerce or in the production of goods for interstate commerce.

To establish jurisdiction for an overtime violation under the FLSA, an employee must show either "(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage), or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage)." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (citing 29 U.S.C. § 207(a)(1)).

**A. Garcia Fails to Allege Individual Coverage under the FLSA.**

For an employee claiming individual coverage to be "engaged in commerce" under the FLSA, he or she must directly participate in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2); 29 C.F.R. § 776.24).

Here, Garcia does not allege either of the Thorne factors. First, he does not claim he worked for an instrumentality of interstate commerce. Garcia does not even claim Micon is an instrumentality. *See Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292,1136 (11th Cir. 2011) (finding that while defendant engaging in interstate commerce may be relevant under a theory of enterprise liability, it is irrelevant to the individual enterprise inquiry).

Second, Garcia does not assert how, as a yard foreman, he regularly used the instrumentalities of interstate commerce, whether through interstate communication, travel, or other means. To avoid dismissal, Garcia must plead enough facts to show his employment (at some level) actually involved an activity "constituting interstate commerce," *Thorne,* 448 F.3d at 1266, and that his employment involves some sort of movement of persons or things across state lines, 29 C.F.R. § 776.9. The allegations in Garcia's complaint do not include sufficient information for the Court to infer that the he directly participated in the actual movement of persons or things in interstate commerce. *See DeJean v. HLM Protective Serv., Inc.*, CV 17-61291-CIV, 2017 WL 4876298, at *2 (S.D. Fla. Oct. 27, 2017)[3]

The question for this Court is whether Garcia has properly alleged his *engagement* in interstate commerce. He has not. As an alleged employee doing concrete finishing, it is clear from Garcia's Complaint that his only attenuated basis for claiming that he is engaged in interstate commerce is because he utilized tools, machinery, materials, wood, fasteners, and supplies that were provided to him by Defendants and that traveled in interstate commerce **prior** to Plaintiff's use of the same." *See* Complaint at 14 (emphasis added). The U.S. Supreme Court has ruled

---

[3] Garcia's counsel herein was also Plaintiff's counsel in this matter which led to a dismissal of the Complaint therein.

squarely on this issue in *McLeod v. Threlkeld*, 319 U.S. 491 (1943) That Court held that employees who handle goods after acquisition by a merchant for general local disposition are not engaged in interstate commerce. *Id.* at 494 ("[H]andlers of goods for a wholesaler who moves them interstate in order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not.").

Moreover, the Eleventh Circuit has frequently considered conduct that triggers individual coverage under the FLSA. "In cases where the only contact with interstate commerce is that goods used had previously moved from other states, the Courts in the Eleventh Circuit have been hesitant to find individual coverage. *See, e.g., Scott v. K.W. Max Investments, Inc.*, 2007 WL 2850926 (11th Cir., Oct.2, 2007) (holding that plaintiff purchasing goods from a local hardware store that had previously moved through interstate commerce did not entitle plaintiff to individual coverage); *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264 (11th Cir.2006) (holding that employee who purchased goods previously in interstate commerce was not engaged in commerce for purposes of the FLSA); *Guzman v. Irmadan, Inc.*, 551 F.Supp.2d 1368 (S.D.Fla.2008) (granting summary judgment for employer when plaintiff remodeled homes for employer, and plaintiff purchased and transported various items previously in interstate commerce that were required for the work); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F.Supp.2d 1223, 1226 (S.D.Fla.2008) (finding that an employee who made local deliveries of automotive car parts manufactured outside the state was not engaged in commerce); *Petasne v. La Cucina & Bakery, LLC*, 2008 WL 2157036 (M.D.Fla.2008) (finding that a server at a local restaurant was not engaged in commerce even if the food prepared was shipped in interstate commerce)."[3]

Additionally, the Southern District of Florida has repeatedly applied the "ultimate consumer" test for FLSA coverage holding that once an item reaches its intended customer, the item is no longer in interstate commerce and any further intrastate movement does not trigger coverage for goods "in commerce" under the FLSA. *See, e.g., Polycarpe v. E & S Landscaping Serv., Inc.*, 572 F.Supp.2d 1318, 1321 (S.D.Fla.2008); *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F.Supp.2d 1312, 1317 (S.D.Fla.2008); *Lamonica v. Safe Hurricane Shutters, Inc.*, 578 F.Supp.2d 1363, 1367-68 (S.D.Fla.2008); *Flores v. Nuvoc, Inc.*, 610 F.Supp.2d 1349 (S.D.Fla.2008); *Vallecillo v. Wall to Wall Residence Repairs, Inc.*, 595 F.Supp.2d 1374, 1380 (S.D.Fla.2009). Most recently, in *Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347 (S.D. Fla. 2015), this Court (citing three Southern District of Florida cases) granted the defendant's motion to dismiss because it was devoid of any factual allegations to support plaintiffs' legal conclusion that plaintiff was engaged in interstate commerce or that defendant was an enterprise engaged in interstate commerce.

In the instant case, even if the Court assumes that all of Garcia's factual allegations are true, the Defendants are entitled to judgment because Plaintiff brings his claim on a conceptually indistinguishable set of facts.

### B. Garcia Fails to Allege Enterprise Coverage under the FLSA.

Enterprise coverage only applies where:

(1) The employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and

(2) The employee's annual gross volume of sales is $500,000 or more.

*Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) (citing 29 U.S.C. §203(s)(1)(A); 29 C.F.R. § 779.238).

Courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually. *See Josendis v. Wall to Wall Residence Repair, Inc.*, 662 F.3d 1292 (11th Cir. 2011); *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 Fed. App'x 802, 805 (11th Cir. 2008). As with individual coverage, to state a claim for enterprise coverage a plaintiff must include some actual facts (and not merely labels or conclusions) plausibly connecting an employer's business to interstate commerce. *See Sobinski v. Learning Connections of Pensacola, LLC*, 2014 WL 5092268, *2-*3 (N.D. Fla. 2014). The Complaint must state the nature of the employer's business as it relates to interstate commerce in order to sufficiently plead enterprise coverage. *See Ceant v. Aventura Limousine & Transportation Services, Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012)(granting the Defendant's motion to dismiss and stating that "[t]he primary problem is that the Complaint provides no factual allegations about... the nature of [defendant's] business"); *See also Lussi*, 2010 WL 1571158, at *2 (S.D. Fla. April 20, 2010)("[P]leadings that 'are no more than conclusions, are not entitled to the assumption of truth; they must be supported by factual allegations.'") (citing *Iqbal*, 556 U.S. at 679). Courts in this jurisdiction have not hesitated to dismiss FLSA actions where, as here, allegations regarding interstate commerce are conclusory and lacking in factual support. *See, e.g., Peralta v. Greco Int'l Corp.*, 2011 WL 5178274, at *5 (S.D. Fla. Oct. 31, 2011).

The Complaint does not contain any factual allegations of how Defendants' business engages in interstate commerce. Nothing in the Complaint details any facts connecting

Defendants' business to interstate commerce Under the *Iqbal* and *Twombly* pleading standard, Plaintiff cannot simply rely on the vague assertion in that Defendants' employees engaged in interstate commerce. As in *Ceant*, the Complaint merely alleges the conclusory statement that Defendants engaged in interstate commerce. Such an allegation is nothing more than the type of formulaic recitation of the elements of a claim the Supreme Court holds "will not do." *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557).

The most troubling part is that Plaintiff's counsel is fully aware that such a pleading is insufficient yet continually appears before this Court filing almost identical cut and paste pleadings. *See DeJean v. HLM Protective Serv., Inc.*, CV 17-61291-CIV, 2017 WL 4876298, at *2 (S.D. Fla. Oct. 27, 2017) ("plaintiff must provide the "factual underpinnings" which support his general allegations and legal conclusions, *citing Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2015) (Marra, J.)")

Lastly, the Complaint also states "[Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period." Complaint ¶ 12. The federal courts have held that such allegations--those not based on personal knowledge-- do not have to be regarded. *See Josendis v. Wall to Wall Residence Repair, Inc.*, 662 F.3d 1292 (11th Cir. 2011).

For the reasons above, the allegations in Garcia's Complaint concerning enterprise coverage are insufficient and the Complaint must be dismissed.

WHERFORE, Micon and Connell, requests that this Court dismiss Garcia's Complaint and award Micon and Connell all other relief the Court finds just and proper.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY to electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which will furnish a true and correct copy via electronic mail to J.H. Zidell, Esq. (ZABOGADO@aol.com) J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, on this 28th day of August 2018.

      Respectfully submitted,

      _/s/ Julio C. Bertemati
      Francisco Touron, III
      Florida Bar Number 527319
      ftouron@tevtlaw.com
      Julio C. Bertemati
      Florida Bar Number 0068231
      jbertemati@tevtlaw.com
      Taylor Espino Vega & Touron, P.A.
      201 Alhambra Circle, Suite 801
      Miami, FL 33l34
      Telephone:    305.443.2043
      Facsimile:    305.443.2048